# UBHOFF *v.* BRANDENBURG.

---

TRIAL; MOTION TO DIRECT A VERDICT; DEED-OF-TRUST NOTES; TRUSTEES; AGENCY; RATIFICATION.

1. A motion by the plaintiff at the close of all the evidence to direct a verdict in his favor is in the nature of a demurrer to the defendant's evidence, and on its hearing the evidence on behalf of the defendant, with all fair and reasonable inferences to be deduced from it, must be taken as true.

2. Where, in a suit on a deed-of-trust note against an indorser for a deficit remaining after the sale of the real estate upon which the note was secured, it appears that immediately after the sale an agreement was made between one of the holders of the note, who were also trustees under the deed of trust, and the indorser, that, if the latter would pro-

cure a purchaser of the property (which had been bid in by the trustees themselves) for a sum sufficient to pay the principal and interest of the note and costs, the note would be surrendered to the indorser, and that the indorser procured such a purchaser, who entered into a contract of purchase with the trustee, and consummated the contract,—it is error for the trial court to direct a verdict for the plaintiffs.

3. While, when the administration of a trust is vested in several trustees, they must all co-operate in the exercise of the powers of their office, and cannot act separately or independently of each other, one trustee may act as agent of his cotrustees, and there may be ratification of the act of one trustee by his cotrustees.

4. Where one of two deed-of-trust trustees, who had bid in the real estate at a sale under the trust, upon default in the payment of the note secured, agreed with an indorser of the note that, if he would procure a purchaser of the property for a sum sufficient to pay the note, with interest and costs, it would be surrendered, and the indorser procured such a purchaser, a sale to the latter by both trustees is a ratification by both of the agreement between the one and the indorser, who is thereupon discharged of his obligation on the note.

No. 1501.   Submitted May 9, 1905.   Decided May 23, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on the verdict of a jury directed by the court, in an action on a promissory note. *Reversed.*

The COURT in the opinion stated the case as follows:

This is a suit instituted in the supreme court of the District upon a promissory note, in which, at the trial, the court directed a verdict in favor of the plaintiffs, Clarence A. Brandenburg and W. Mosby Williams, and the defendant, Christian J. Ubhoff, has appealed.

The note was for $9,000. It was executed by one Charles P. Rees, and indorsed before delivery by the appellant. It was given for a loan of the same amount from a trust fund in the hands of the appellees, and was secured by a deed of trust upon certain real estate owned by Rees and regarded as ample security for the loan. Upon default in the payment of an instalment of

interest on the note, the property was sold under the deed of trust, and was purchased by the appellees themselves, although the title was taken in the first instance in the name of two other persons, who subsequently conveyed the same on the order of the appellees. The amount, for which the property was bid in, after the payment of costs and expenses, was insufficient to pay the amount then due on the note.   There remained a balance of $728, for which this suit was instituted.

Ubhoff was not present at the sale, and knew nothing of the result of it until the next morning.   Then he took some steps towards the institution of proceedings to vacate it.   Before doing anything, however, in this direction, he called upon the appellee Williams, who seems to have had the immediate charge of the matter; and, at the trial of this case in the court below, he testified that in the interview then had with Williams "he was told by the said Williams that, if said property could be sold so as to let plaintiffs (the appellees here) out whole,—that is, for sufficient to pay the principal of said note, together with interest and expenses,—the said trustee would surrender to said Ubhoff his note, both principal and interest, and release him from further liability on account thereof."   Relying, as he says, upon this promise, Ubhoff did not institute any proceedings to vacate the sale, and with the aid of another person, a real-estate broker like himself, procured a purchaser for the property for the sum of $10,000, and the purchaser was accepted and a deed of conveyance was executed to him, with again a loan of $9,000 on the property from the appellees, so that the purchaser was required to pay only $1,000 in cash, and this in small sums from time to time within thirty days.   Of this sum of $1,000 a portion of $200 was used in the payment of commissions to the broker who had been procured by the appellant to effect the sale, and the sum of $50, likewise as commissions, to Virgil G. Williams, brother of the appellee, W. Mosby Williams, who claimed to have had the right from his brother to sell the property.   The residue was applied to the discharge of the costs of sale and the indebtedness.

The sum of $10,000 realized from the sale was amply sufficient to pay all the cost and expenses, as well as the principal and in-

terest due on the note on which the appellant was liable; and thereupon he demanded of the appellee Williams the surrender of the note. To this demand Williams declined to accede; and he and his cotrustee instituted the present suit to recover the balance claimed to be due. At the trial he denied that he had made any such agreement with Ubhoff as the latter claimed. It appeared, also, that in the negotiations between Ubhoff and W. Mosby Williams the latter assumed to act, not only for himself, but for his cotrustee also, according to the testimony of Ubhoff.

Upon this condition of the testimony, the court, as already stated, directed a verdict in favor of the plaintiffs; and the defendant has appealed.

*Mr. Hayden Johnson* for the appellant.

*Mr. Edwin C. Brandenburg, Mr. W. Mosby Williams,* and *Mr. F. Walter Brandenburg* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

At the present hearing, of course, the testimony on behalf of the defendant below, with all fair and reasonable inferences to be deduced from it, must be taken as true; for such is the necessary result of the motion made on behalf of the plaintiffs at the conclusion of the trial to direct a verdict in their favor. That motion was in the nature of a demurrer to evidence. Assuming, therefore, as we must assume, that there was an agreement or understanding between the appellant, Ubhoff, and the appellee W. Mosby Williams, that, if the former would procure a purchaser for the property in question for the sum of $10,000, the latter would surrender the note for $9,000 to him, and release him from further liability thereon, we find that it is sought to avoid the result of the obligation therefrom resulting on two grounds: (1) Because another and a different contract than that testified to by Ubhoff, namely, one between W. Mosby Williams and Eiker, the new purchaser, appears in the record; and (2) because one of two joint trustees cannot bind his cotrustee, and

Brandenburg, the joint trustee, with W. Mosby Williams, had no part in the negotiations with Ubhoff, and had no knowledge of them.   But we think that neither one of these grounds is well taken.

1. We fail wholly to see wherein there is any relevancy in the written contract between W. Mosby Williams and Eiker to this case.   The contract or agreement between Ubhoff and W. Mosby Williams was that, if Ubhoff would procure a purchaser of the property for a sum sufficient to pay the principal and interest of the note and costs, Williams would surrender the note. Ubhoff procured a purchaser for $10,000, which is conceded by both sides to be sufficient for the purpose specified, and had him brought to Williams, whether by himself or another is of no consequence here.   Then, when Williams and the proposed purchaser had come together, these two entered into a contract in writing between themselves as to how the sale was to be consummated and the sum of $10,000 paid.   Plainly this contract had nothing whatever to do with Ubhoff's contract to procure a purchaser. Ubhoff had performed his contract, when he produced a purchaser who was willing and able to purchase, and who actually consummated such purchase to the satisfaction of the appellees.

2. The second ground relied upon by the appellees is that Williams could not bind his cotrustee by any such agreement as he made with Ubhoff.   And it is undoubtedly true, as the general law, that, when the administration of a trust is vested in several trustees, they must all co-operate in the exercise of the powers of their office, and cannot act separately or independently of each other.   This is held by all the authorities on the subject.   But this rule is not without its exceptions and qualifications.   One trustee may in many things act as agent for all the trustees, especially in cases of emergency; and there may be ratification of the act of one trustee by his associates in the trust.   Mr. Williams in express terms purported to act for him as well as for himself.   Then, if appellant's statement that he procured a purchaser of the property in pursuance of his agreement with Williams be correct, and we must here assume the truth of the claim, and the contract was consummated by the two trustees, we do not

see why there was not ratification by the joint trustees of the act of the one. The contract may be assumed to have been beneficial to the trust estate as well as to the appellant. It avoided litigation to vacate the sale; and it realized for the estate the full amount of its claim, and probably more than the full amount. It was a proper and a meritorious contract in itself, and one not to be discouraged by easy repudiation. The estate, as represented by the trustees, cannot be permitted to have the benefit of it and at the same time to repudiate its obligations, any more than individuals could be so permitted under similar circumstances. For it must be remembered that it is conceded here, by the motion of the plaintiffs in the case for a verdict, that the appellant brought the purchaser to Williams in pursuance of the agreement between himself and the latter, and that, in pursuance of such production of a proper purchaser, a sale to him was effected and consummated. This sale, being concurred in by both trustees, operated as a ratification by both of the previously existing agreement between Williams and the appellant.

We are of opinion that it was error to take this case from the jury; and for this error the judgment must be reversed, with costs, and the cause will be remanded for a new trial. And it is so ordered.                              *Reversed.*

A motion for a rehearing was overruled June 13, 1905.